UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALISA "MARK" HAYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 3:23-CV-03795-GCS |
| | ) |
| BROADWAY RESTAURANT GROUP, LLC, | ) |
| d/b/a BURGER KING, | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW defendant, Broadway Restaurant Group, LLC, d/b/a Burger King ("Defendant"), by and through its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. Defendant admits only that Plaintiff has made the stated allegations. Defendant denies all specific factual and legal allegations contained in Paragraph 1 of Plaintiff's Complaint and further denies that Plaintiff is entitled to relief.

### JURISDICTION AND VENUE

2. For its Answer to Paragraph 2 of Plaintiff's Complaint, Defendant admits that this Court has jurisdiction, but denies that Plaintiff is entitled to the relief sought.

3. Defendant admits that venue is proper in this Court but denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

## ADMINISTRATIVE PREREQUISITES

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Upon information and belief, Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Upon information and belief, Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## PARTIES

7. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. For its answer to Paragraph 8 of Plaintiff's Complaint, Defendant admits that it operates a Burger King restaurant in Mount Vernon, Illinois. Defendant denies all further allegations of Paragraph 8.

9. Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

11.     Defendant admits that Plaintiff was employed by Defendant as a Team Member from July 2022, but denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.    Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.    Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.    Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.    Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.    Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.    Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.    Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.    Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.    Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.    Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant admits that it requested Plaintiff come into the restaurant, but denies the remaining allegations contained in Paragraph 32.

33. Defendant admits that Plaintiff came into the restaurant, but denies the remaining allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant admits that a police report was filed concerning the factual allegations in this Complaint, but denies the remaining allegations contained in Paragraph 36.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

## COUNT I

38. Defendant realleges and incorporates the above responses to Paragraphs 1 through 37. Defendant denies all allegations incorporated from Count I generally unless specifically admitted herein.

39. Defendant admits the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

## COUNT II

48. Defendant realleges and incorporates the above responses to Paragraphs 1 through 47. Defendant denies all allegations incorporated from Count II generally unless specifically admitted herein.

49. Defendant admits the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

## COUNT III

56. Defendant realleges and incorporates the above responses to Paragraphs 1 through 55. Defendant denies all allegations incorporated from Count III generally unless specifically admitted herein.

57. Defendant admits the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff failed to state claim(s) upon which relief can be granted.

2. At all times during his/her employment, Plaintiff was an at-will employee and not under any contract of employment, written or verbal, with defendant(s).

3.    Plaintiff was not subject to an adverse employment action because of any protected activity or membership in any protected class of persons. No causal connection exists between any protected activity/class membership and any alleged employment action taken with respect to Plaintiff.

4.    Defendant exercised reasonable care to prevent and correct any harassing behavior and had an anti-harassment policy and complaint procedure in place. Plaintiff unreasonably failed to take advantage of Defendant's policy against workplace harassment and discrimination by not reporting any incidents of harassment or discrimination.

5.    Further answering and as an affirmative defense, pleading hypothetically and in the alternative, Defendant states that the alleged conduct did not rise to the level of actionable harassment on either an objective or subjective basis.

6.    Further answering and as an affirmative defense, pleading hypothetically and in the alternative, Defendant states that the alleged conduct was not severe and pervasive.

7.    Any damages that Plaintiff allegedly sustained were the direct result of Plaintiff's failure to mitigate those damages.

8.    Any adverse employment actions taken against Plaintiff were based on legitimate business reasons unrelated to sex-based harassment or discrimination.

9. Plaintiff's claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the Constitution of the United States of America.

10. Defendant hereby gives notice that it intends to rely upon other affirmative defenses that discovery in these proceedings reveals may be applicable, and hereby reserves the right to amend this Answer to assert additional affirmative defenses based upon pretrial discovery.

WHEREFORE, Defendant Broadway Restaurant Group, LLC, d/b/a Burger King having fully answered Plaintiff's Complaint, prays this Court dismiss Plaintiff's Complaint with prejudice at Plaintiff's costs and/or enter Judgment in favor of Defendant, and for any further relief this Court deems just and appropriate under the circumstances.

/s/Denise Baker-Seal
Denise Baker-Seal, #6255589
BROWN & JAMES, P.C.
Attorneys for Defendant Broadway Restaurant Group, LLC d/b/a Burger King
Richland Plaza I, 525 W. Main St., Ste. 200
Belleville, Illinois 62220-1547
618/235-5590; 618/235-5591 (Fax)
dseal@bjpc.com; dowens@bjpc.com

## AFFIDAVIT OF SERVICE

I, the undersigned, on the 7th day of February, 2024, electronically filed this document with the United States District Court, Southern District of Illinois which will send electronic notification to each of the following:

Mohammed O. Badwan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Ph: 630-575-8180
mbadwan@sulaimanlaw.com

A copy of this document is available for viewing and downloading from the ECF system.

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

/s/Denise Baker-Seal

30058481.1